**ORIGINAL**

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 14, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| D.B., a minor, by and through his natural | * | No. 14-903V |
| mother and next friend, JAIME BROWN, | * | |
| | * | |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Petitioner's Costs; Reasonable Amount |
| SECRETARY OF HEALTH | * | Requested to which Respondent Does |
| AND HUMAN SERVICES, | * | not Object. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

FILED
APR 1 4 2015
U.S. COURT OF
FEDERAL CLAIMS

Jaime Brown, Thonotosassa, FL, pro se petitioner.
Heather L. Pearlman, United States Department of Justice, Washington, DC, for respondent.

**PETITIONER'S COSTS DECISION**[1]

On September 25, 2014, Jaime Brown ("petitioner") filed a petition on behalf of her minor child, D.B., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that a measles-mumps-rubella (MMR) vaccine administered to D.B. on September 14, 2011, caused him to develop an encephalopathy, an autism disorder, sleep disturbances, and caused a staring and/or catatonic state. Petition at 2. On March 20, 2015, the undersigned entered an Order Concluding Proceedings dismissing the petition without prejudice.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On April 9, 2015, the parties filed a Joint Stipulation of Fact Concerning Petitioner's Litigation Costs. According to the stipulation, the parties stipulate to a total award to petitioner of costs in the amount of $400.00.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request and the lack of any objection by respondent, the undersigned **GRANTS** the request for approval and payment of petitioner's costs.

Accordingly, an award should be made as follows: in the form of a check payable to petitioner, Jaime Brown, in the amount of **$400.00**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

*/s/ Nora Beth Dorsey*
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

2